ANTHONY CUSANO, Respondent, v. SAMUEL MITTERLOFF and HARRY S. BENNETT, SR., Appellants. HERBERT STULTZ, Respondent, v. SAMUEL MITTERLOFF and HARRY S. BENNETT, Sr., Appellants.— Appeal from an order of the Supreme Court, Columbia county, denying the motion of the defendants to vacate and set aside judgments entered by default against them and in favor of the plaintiffs. The venue was laid in Columbia county, the office of plaintiffs' attorney being in the

city of Hudson and that of defendants' attorney being in New York city. At the May, 1937, term defendants' attorney was informed by plaintiffs' attorney that the cases had been marked ready and placed on the day calendar. Thereupon defendants' attorney wrote to the clerk of the court and to plaintiffs' attorney requesting them to advise by telegram "collect" the day before the actions would be actually reached for trial. No agreement was made by plaintiffs' counsel to notify the opposing counsel, and no further notice was in fact received by defendants' counsel. The calendar broke unexpectedly May eighteenth and the court thereupon directed counsel for the plaintiffs to take judgments by default, which was done. It is asserted in behalf of the defendants that they were at all times ready to try the cases, that they have a good and meritorious defense, that they have not attempted to delay the trial of the actions and that in good faith they desire to defend the same. Order affirmed, with ten dollars costs and disbursements. Rhodes, McNamee and Bliss, JJ., concur; Hill, P. J., dissents upon the following ground: The attorney for the defendants resides in the city of New York; the attorney for the plaintiffs in Hudson, N. Y., the place of the trial. Prior to May 8, 1937, there had been considerable correspondence between these attorneys. The case had passed the January, 1937, term, though the attorney for the defendants had been ready for trial; in the May term of that year, prior to May eighth, defendants' attorney had written plaintiffs' attorney as follows:

"Re: Cusano — vs.— Mitterloff

"Dear Sir: I received your letter advising me that the above action has been placed on the day calendar for trial.

"I would appreciate it if you could send me a telegram collect, the day before this action will be actually reached for trial.

"Thanking you for your many past courtesies, and trusting that I am able to reciprocate, I am

"Very truly yours,

HG/HH                                          "HAROLD GREEN."

On May eighteenth a default was taken without further notice to defendants' attorney. The affidavit of defendants' attorney contains an affidavit of merits. I favor a reversal. Heffernan, J., dissents for the reasons stated by Presiding Justice Hill, and on the further ground that the direction of the trial judge to take a default was under the circumstances arbitrary.

HARRINGTON & COMPANY, INC., Appellant, v. CHRISTIANCE-DUDLEY PHARMACY, INC., Respondent; JOHN P. CLEARY and Another, Copartners, Doing Business under the Name of "CLEARY AND STEWART," and GEORGE ATSEDES, Doing Business under the Assumed Name of "COLLEGE SPA," Defendants.— Appeal from an order of the Special Term, Tompkins county, dismissing a motion to strike out allegations in the answer. The motion was made returnable April 21, 1937, but contained no place at which the term was to be held. A term that was assigned to be held in the district on the day named was not held, because the justice assigned had become a justice of the Appellate Division. An order was made transferring the motion to another Special Term, upon the affidavit of plaintiff's attorney which failed to state the defect in the notice of motion. The Special Term to which the proceeding was transferred dismissed the motion on the

ground that the notice was defective. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.